NOT DESIGNATED FOR PUBLICATION

No. 116,388

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RENE M. IBARRA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed September 1, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

*Per Curiam*:  Rene M. Ibarra appeals the Sedgwick County District Court's revocation of his probation. Upon our review of the briefs and the record on appeal, we affirm the district court's revocation of Ibarra's probation and the imposition of the underlying sentences.

FACTUAL AND PROCEDURAL BACKGROUND

In early 2014, upon his pleas of guilty, Ibarra was convicted of fleeing or attempting to elude a police officer and leaving the scene of an accident. On August 7,

1

2014, the district court sentenced him to 12 months' probation with an underlying 13-month prison term and a consecutive 12-month jail term.

In October 2014, in response to the State filing a probation violation warrant, Ibarra stipulated to the truth of the allegations that he had ingested cocaine, amphetamine, and marijuana. As a result, his probation was modified, and he was sentenced to an inpatient substance abuse treatment program.

Over a year and half later, on April 20, 2016, Ibarra again appeared in district court for another probation revocation hearing due to his failure to comply with numerous conditions of his probation. The violations included Ibarra's failure to: report as directed; attend drug and alcohol treatment; refrain from associating with persons of harmful or disreputable character; notify his supervising officer of contact with law enforcement within 24 hours; and notify his supervising officer of a change in his telephone number within 24 hours. Ibarra was also alleged to have violated the law by possessing methamphetamine, cocaine, and drug paraphernalia. Finally, the State claimed that Ibarra had also committed an offender registration offense.

At this probation violation hearing, Ibarra waived his right to require the State to present evidence and admitted to the violations of his probation. The district court modified Ibarra's underlying sentences so that the prison and jail sentences would be served concurrently, rather than consecutively. The district also determined that Ibarra had violated the conditions of his probation and, as a result, revoked it. The district court then ordered Ibarra to serve his modified underlying sentences.

Ibarra timely appeals the revocation of his probation.

2

On appeal, Ibarra contends the district court abused its discretion when it revoked his probation. He argues that because of his addiction to controlled substances the district court's refusal to reinstate his probation was not appropriate to achieve the goals of the Kansas Sentencing Guidelines. See K.S.A. 2016 Supp. 21-6601.

Probation is an act of grace by the sentencing court. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once a violation of the terms of probation is established, probation revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Ibarra bears the burden of showing such abuse of discretion. See *State v. Rojas–Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2016 Supp. 21-6601 generally provides that, at sentencing, defendants "shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities." Unless certain exceptions apply, K.S.A. 2016 Supp. 22-3716(c)(1) requires a sentencing court to impose an intermediate sanction on a violating probationer before ordering the probationer to serve the underlying sentence. Of particular relevance to this case, one of the exceptions is delineated in K.S.A. 2016 Supp. 22-3716(c)(8)(A). This subsection provides that a sentencing court may revoke probation without imposing intermediate sanctions if the offender commits a new criminal offense or absconds from supervision while on probation.

In this case, as noted earlier, the district court found that Ibarra committed several new offenses, in addition to numerous other probation violations, while on probation. During the probation revocation hearing, the district court acknowledged that Ibarra had a

substance abuse problem. However, the district judge also reprised the numerous opportunities that Ibarra had been given while on probation, and remarked, "[Y]ou have put me in a place where I don't have many choices. I don't enjoy this. I don't like doing this, but I feel that I must, given the circumstances of your cases."

Upon our review of the transcript of the probation revocation hearing, we are convinced the district court took Ibarra's "individual characteristics, circumstances, needs and potentialities" into consideration during sentencing, and the district court's revocation of his probation was not error. See K.S.A. 2016 Supp. 21-6601; K.S.A. 2016 Supp. 22-3716(c)(8)(A). We find no abuse of discretion in the district court's revocation of Ibarra's probation and its order to serve the modified sentences.

Affirmed.